# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| **TYRONE LARTIGUE, JR.** | **CIVIL ACTION NO. 6:14-cv-3451** |
| **LA. DOC 536795** | |
| **VS.** | **SECTION P** |
| | **JUDGE RICHARD T. HAIK, SR.** |
| **WARDEN TIM KEITH** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

### REPORT AND RECOMMENDATION

Pro se petitioner Tyrone Lartigue, Jr., utilizing the form petition provided to prisoners in this district for filing writs of habeas corpus pursuant to 28 U.S.C. §2254, filed the instant civil action on December 11, 2014.  Petitioner is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the Winn Correctional Center where he is serving the 35 years sentence imposed by the Fifteenth Judicial District Court, Lafayette Parish, following his 2012 convictions for armed robbery and sexual battery. This matter has been referred to the undersigned pursuant to the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that this Civil Action be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Background*

As noted above, petitioner was convicted of armed robbery and sexual battery in 2012. His conviction and sentence were affirmed in an unpublished opinion of the Third Circuit Court of Appeal on September 4, 2013. *State of Louisiana v. Tyrone Lartigue, Jr.*, 2013-00505 (La. App. 3 Cir. 9/14/2013), 120 So.3d 356 (Table). His application for writs of certiorari were denied without comment by the Louisiana Supreme Court on September 12, 2014. *State of Louisiana vs.*

*Tyrone Lartigue, Jr.*, 2013-2810 (La. 9/12/2014).  His application for reconsideration was denied on October 31, 2014. *State of Louisiana ex rel. Tyrone Lartigue, Jr. vs. State of Louisiana*, 2013-2810 (La. 10/31/2014), 151 So.3d 615.

On December 11, 2014 he filed the instant petition utilizing the form provided to state prisoners seeking habeas corpus relief pursuant to 28 U.S.C. §2254.  His original petition identified no grounds for relief. [Doc. 1, ¶12] It was, however, accompanied by a "Memorandum in Support of Petition for Writ of Habeas Corpus..." wherein the complained that, "Rights are being denied by Louisiana Supreme Court New Orleans, Louisiana, which are Due Process of Law, Equal Protection and Access to Courts..."  Thereafter he claimed that his petition for habeas corpus filed pursuant to "LSA R.S. 351" was denied by the Fifteenth Judicial District Court and then by the Third Circuit Court of Appeals. He claimed to have then appealed to the Louisiana Supreme Court which "finally rendered a decision after nine (9) months ... a one (1) word denial." Petitioner argues that "he is entitled to a brief statement of reasons why he was denied, in order to address the merits of his grounds and to be properly exhausted and also some case law or Louisiana statutory law supporting that statement of reasons." He argues that the one word denial violates Due Process, Equal Protection and his right of Access to the Courts. He then prayed for this Court to "exercise its jurisdiction and compel the Louisiana Supreme Court to hold a rehearing on Petition 351 and rule on the merits of grounds, by addressing grounds [,] [a]lso give the brief statement of reasons, if necessary." [Doc. 1-2]

Thereafter, on December 15, 2104 he submitted another form petition for writ of habeas corpus pursuant to Section 2254. Like the first petition, this pleading also contained no grounds for relief. [Doc. 3, ¶12] In an accompanying cover letter petitioner asked the Clerk to "replace

2

this writ with the other writ you should have receive under Docket #KH-2810." [Doc. 3, p. 9]

### Law and Analysis

As noted by the Supreme Court, "It is clear, not only from the language of  §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833 (1973).  While petitioner has employed the form for seeking habeas corpus relief, it is clear that he does not attack the legality of his custody, nor does he seek his immediate release from custody.

Instead, he complains that his Constitutional rights were violated when the Louisiana Supreme Court denied his application for writs by issuing a one word denial.  Instead of asking for release from custody, he asks this Court to "exercise its jurisdiction and compel the Louisiana Supreme Court to hold a rehearing on Petition 351 and rule on the merits of grounds, by addressing grounds [,] [a]lso give the brief statement of reasons, if necessary." [Doc. 1-2]

Petitioner implies that this Court has supervisory jurisdiction over the Louisiana Supreme Court.  Contrary to petitioner's mistaken belief, this court holds no supervisory power over state judicial proceedings and may intervene only to correct errors of constitutional dimensions. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982). Put another way, a federal court may not interfere with a state court's application of state law.  *cf. Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir.1986) ("We do not sit as a 'super' state supreme court. (citation omitted) Consequently, we decide ... issues only to the extent that federal constitutional issues are implicated and we refuse to act as an arm of the [state court of appeals]...").

Finally, it appears that petitioner seeks to invoke the mandamus jurisdiction of this Court; he asks this Court to order the Supreme Court "... to rule on the merits of grounds, by addressing grounds [,] [a]lso give the brief statement of reasons, if necessary..."  The writ of mandamus is an order directing a public official or public body to perform a duty exacted by law. *United States v. Denson*, 603 F.2d 1143, 1146 (5th Cir. 19979).  Federal district courts "have original jurisdiction of any action in the nature of *mandamus* to compel an <u>officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff</u>." 28 U.S.C. § 1361 (emphasis added). The Louisiana Supreme Court is not an agency of the United States. Further, Under Louisiana law, specifically the Rules of the Louisiana Supreme Court, "The grant or denial of an application for writs rests within the <u>sound judicial discretion of this court</u>..." La. Supreme Court Rule X, §1.  In other words, even if this Court had mandamus jurisdiction over the Louisiana Supreme Court, it does not appear that petitioner would be entitled to any relief since the Court owes no duty to the petitioner herein.

### Conclusion, Order, and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** petitioner's civil action be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Lafayette, Louisiana February 5, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE: ___2/5/2015_____
BY: _____EFA_____
TO: _____RTH_____
          pj

5